UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEPHEN BARNES<br><br>        Plaintiff,<br><br>vs.<br><br>DXC TECHNOLOGY SERVICES LLC,<br><br>        Defendant. | Civil Action No. 1:19-cv-10812<br><br>Judge Vernon S. Broderick<br><br>Magistrate Judge Katharine H. Parker |

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

**NOW INTO COURT,** through undersigned counsel, comes Defendant DXC Technology Services LLC ("DXC" or "Defendant") and responds to Plaintiff Stephen Barnes' ("Plaintiff") Complaint as follows:

### ANSWER

### I. THE PARTIES

1. DXC denies the allegations contained in Paragraph 1 for lack of sufficient information to establish a belief therein.

2. DXC admits that it is a domestic limited liability company that is incorporated in Delaware. DXC admits that it has an office located at 1 Rockefeller Plaza, New York, NY 10020. DXC denies the remaining allegations in Paragraph 2.

1

## II. JURISDICTION

3. Paragraph 3 contains conclusions of law to which a response is not required. To the extent that a response is required, denied as written.

4. Paragraph 4 contains conclusions of law to which a response is not required. To the extent that a response is required, denied.

5. Paragraph 5 contains conclusions of law to which a response is not required. To the extent that a response is required, denied.

6. Paragraph 6 contains conclusions of law to which a response is not required. To the extent that a response is required, denied.

7. Paragraph 7 contains conclusions of law to which a response is not required. To the extent that a response is required, denied.

8. Paragraph 8 contains conclusions of law to which a response is not required. To the extent that a response is required, denied.

9. Paragraph 9 contains conclusions of law to which a response is not required. To the extent that a response is required, denied.

10. Paragraph 10 contains conclusions of law to which a response is not required. To the extent that a response is required, denied.

11. Paragraph 11 contains conclusions of law to which a response is not required. To the extent that a response is required, denied.

12. Paragraph 12 contains conclusions of law to which a response is not required. To the extent that a response is required, denied.

13. Paragraph 13 contains conclusions of law to which a response is not required. To the extent that a response is required, denied.

14. Paragraph 14 contains conclusions of law to which a response is not required. To the extent that a response is required, denied.

15. Paragraph 15 contains conclusions of law to which a response is not required. To the extent that a response is required, denied.

16. Paragraph 16 contains conclusions of law to which a response is not required. To the extent that a response is required, denied.

17. DXC is without sufficient information to admit or deny the allegations in Paragraph 17 concerning Plaintiff's employment in the IT industry. The remaining allegations of Paragraph 17 contain conclusions of law to which a response is not required. To the extent that a response is required, denied.

18. Paragraph 18 contains conclusions of law to which a response is not required. To the extent that a response is required, denied.

19. Paragraph 19 contains conclusions of law to which a response is not required. To the extent that a response is required, denied.

20. DXC is without sufficient information to admit or deny the allegations in Paragraph 20 concerning Plaintiff's alleged protected class. he remaining allegations of Paragraph 17 contain conclusions of law to which a response is not required. To the extent that a response is required, denied.

21. Paragraph 21 contains conclusions of law to which a response is not required. To the extent that a response is required, denied.

22. Paragraph 22 contains vague allegations which require speculation in formulating a response and conclusions of law to which a response is not required. To the extent that a response is required, denied.

23. Paragraph 23 contains conclusions of law to which a response is not required. To the extent that a response is required, denied.

## FIRST CAUSE OF ACTION

24. DXC is not required to respond to Paragraph 24, but re-alleges its responses to Paragraphs 1-23.

25. Paragraph 25 simply purports to state an excerpt of New York State Executive Law § 296, and thus a response is not required. To the extent Paragraph 25 suggests that DXC has violated New York State Executive Law § 296, such suggestion is expressly denied.

26. Paragraph 26 contains conclusions of law to which a response is not required. To the extent that a response is required, denied.

27. Paragraph 27 contains conclusions of law to which a response is not required. To the extent that a response is required, denied.

28. Paragraph 28 contains conclusions of law to which a response is not required. To the extent that a response is required, denied.

29. Paragraph 29 contains conclusions of law to which a response is not required. To the extent that a response is required, denied. DXC further denies that it is liable, in any way, to Plaintiff.

## SECOND CAUSE OF ACTION

30. DXC is not required to respond to Paragraph 30, but re-alleges its responses to Paragraphs 1-29.

31. Paragraph 31 simply purports to state an excerpt of New York State Executive Law § 296, and thus a response is not required. To the extent Paragraph 31 suggests that DXC has violated New York State Executive Law § 296, such suggestion is expressly denied.

32. Paragraph 32 contains conclusions of law to which a response is not required. To the extent that a response is required, denied.

33. Paragraph 33 contains conclusions of law to which a response is not required. To the extent that a response is required, denied.

34. Paragraph 34 contains conclusions of law to which a response is not required. To the extent that a response is required, denied.

35. Paragraph 35 contains conclusions of law to which a response is not required. To the extent that a response is required, denied. DXC further denies that it is liable, in any way, to Plaintiff.

### THIRD CAUSE OF ACTION

36. DXC is not required to respond to Paragraph 36, but re-alleges its responses to Paragraphs 1-35.

37. Paragraph 37 simply purports to state an excerpt of New York City Administrative Code Title 8, § 8-107(1)(e), and thus a response is not required. To the extent Paragraph 37 suggests that DXC has violated New York City Administrative Code Title 8, § 8-107(1)(e), such suggestion is expressly denied.

38. Paragraph 38 contains conclusions of law to which a response is not required. To the extent that a response is required, denied.

39. Paragraph 39 contains conclusions of law to which a response is not required. To the extent that a response is required, denied.

40. Paragraph 40 contains conclusions of law to which a response is not required. To the extent that a response is required, denied.

41. Paragraph 41 contains conclusions of law to which a response is not required. To the extent that a response is required, denied  DXC further denies that it is liable, in any way, to Plaintiff.

## FOURTH CAUSE OF ACTION

42. DXC is not required to respond to Paragraph 42, but re-alleges its responses to Paragraphs 1-41.

43. Paragraph 43 simply purports to state an excerpt of New York City Administrative Code Title 8, § 8-107(1)(e), and thus a response is not required. To the extent Paragraph 43 suggests that DXC has violated New York City Administrative Code Title 8, § 8-107(1)(e), such suggestion is expressly denied.

44. Paragraph 44 contains conclusions of law to which a response is not required. To the extent that a response is required, denied.

45. Paragraph 45 contains conclusions of law to which a response is not required. To the extent that a response is required, denied.

46. Paragraph 46 contains conclusions of law to which a response is not required. To the extent that a response is required, denied.

47. Paragraph 47 contains conclusions of law to which a response is not required. To the extent that a response is required, denied. DXC further denies that it is liable, in any way, to Plaintiff.

## FIFTH CAUSE OF ACTION

48. DXC is not required to respond to Paragraph 48, but re-alleges its responses to Paragraphs 1-47.

49. Paragraph 49 contains conclusions of law to which a response is not required. To the extent that a response is required, denied.

50. Paragraph 50 contains conclusions of law to which a response is not required. To the extent that a response is required, denied.

51. Paragraph 51 contains conclusions of law to which a response is not required. To the extent that a response is required, denied.

52. Paragraph 52 contains conclusions of law to which a response is not required. To the extent that a response is required, denied.

53. Paragraph 53 contains conclusions of law to which a response is not required. To the extent that a response is required, denied. DXC further denies that it is liable, in any way, to Plaintiff.

**SIXTH CAUSE OF ACTION**

54. DXC is not required to respond to Paragraph 54, but re-alleges its responses to Paragraphs 1-53.

55. Paragraph 55 contains conclusions of law to which a response is not required. To the extent that a response is required, denied.

56. Paragraph 28 contains conclusions of law to which a response is not required. To the extent that a response is required, denied.

57. Paragraph 57 contains conclusions of law to which a response is not required. To the extent that a response is required, denied.

58. Paragraph 58 contains conclusions of law to which a response is not required. To the extent that a response is required, denied..

59.     Paragraph 59 contains conclusions of law to which a response is not required.  To the extent that a response is required, denied.

60.     Paragraph 60 contains conclusions of law to which a response is not required.  To the extent that a response is required, denied.  DXC further denies that it is liable, in any way, to Plaintiff.

## SEVENTH CAUSE OF ACTION

61.     DXC is not required to respond to Paragraph 61, but re-alleges its responses to Paragraphs 1-60.

62.     Paragraph 62 contains conclusions of law to which a response is not required.  To the extent that a response is required, denied..

63.     Paragraph 63 contains conclusions of law to which a response is not required.  To the extent that a response is required, denied..

64.     Paragraph 64 contains conclusions of law to which a response is not required.  To the extent that a response is required, denied.

65.     Paragraph 65 contains conclusions of law to which a response is not required.  To the extent that a response is required, denied.

66.      Paragraph 66 contains conclusions of law to which a response is not required.  To the extent that a response is required, denied..  DXC further denies that it is liable, in any way, to Plaintiff.

67.     As to the WHEREFORE paragraph, DXC is not required to respond.  In an abundance of caution, DXC denies each and every allegation made in the WHEREFORE paragraph.  DXC further denies that it is liable to Plaintiff, in any way.

**AFFIRMATIVE DEFENSES**

1. Plaintiff's Complaint fails, in whole or in part, to state a claim upon which relief can be granted and should therefore be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

2. Defendant specifically reserves all defenses available under Federal Rules of Civil Procedure 8(c) and 12(b).

3. Plaintiff's claims are barred, or limited, by the applicable statutes of limitations.

4. Plaintiff's claims are barred to the extent that he has failed to comply with the administrative prerequisites to filing a lawsuit.

5. Defendant was not Plaintiff's employer during all of the events alleged by in the Complaint.

6. Plaintiff was fully compensated by DXC for the work that he performed for Defendant.

7. Defendant is not required by law to pay Plaintiff any alleged commission.

8. Defendant is not required by law to pay Plaintiff any severance.

9. Plaintiff's claims are barred by the statute of frauds.

10. The doctrine of full accord and satisfaction prohibits Plaintiff from bringing his claims.

11. Defendant did not violate the statutes or executive orders cited in the Complaint; alternatively, Defendant made good faith efforts to comply with employment-related laws, and any discriminatory or retaliatory act, omission, or decision by any managerial agent would have been contrary to those efforts.

12. Defendant did not illegally discriminate or retaliate against Plaintiff intentionally or otherwise, as any employment-related actions taken with regard to Plaintiff were for non-discriminatory and non-retaliatory reasons, legitimate business reasons, and/or reasonable factors other than age or sexual orientation.

13.     Defendant's conduct was not malicious, willful, recklessly indifferent, wanton, and did not manifest an aggravated disregard for Plaintiff's rights.

14.     Defendant affirmatively states that it made a good faith effort to follow the law and, thus, is not liable for the alleged intentional, malicious, or other acts of its agents or employees.

15.     Without conceding that Plaintiff was an employee of Defendant at all relevant times, Plaintiff was an at-will employee subject to discharge at any time, for any lawful reason.

16.     That Defendant was named as a defendant in another case does not infer that it is liable or acted unlawfully in that case.

17.     Plaintiff's claims and/or the relief sought by Plaintiff are barred in whole or in part by the doctrines of equitable estoppel, collateral estoppel, judicial estoppel, after-acquired evidence, waiver, laches, misrepresentation, comparative fault, contributory fault, justification, unjust enrichment, consent, unclean hands, failure to complain in a timely manner, detrimental reliance, equity, offset, credit, ratification, acquiescence, and any interim earnings or amounts earnable with reasonable diligence would be a set off against and should reduce the monetary recovery he seeks in this case, including any award of back pay, front pay and/or other damages.  In the alternative, Plaintiff would be entitled to only one satisfaction of his alleged damages.

18.     Plaintiff's arguments are preempted by federal law and should be dismissed.

19.     Plaintiff cannot state a *prima facie* case of age or sexual orientation discrimination or retaliation, nor can he demonstrate that Defendant's reasons for its actions/inactions are pretextual.

20.     Plaintiff cannot establish that his sexual preference or his age were the sole cause, but for cause, or a motivating factor of any of the alleged adverse actions about which he complains.

21. Defendant's actions and/or inactions were not taken because of Plaintiff's age or sexual orientation. Such considerations, if any, played no role in Defendant's alleged actions and/or inactions, none of Defendant's alleged actions and/or inactions were based upon a specific intent to discriminate or retaliate, and all of Defendant's actions and/or inactions were based on legitimate, non-discriminatory, non-retaliatory, and lawful reasons. Alternatively, Defendant avers that even if such considerations were found to have been a factor in Defendant's actions and/or inactions (which is denied), the same actions and/or inactions would have been taken and/or not taken absent such considerations and, therefore, Plaintiff cannot recover any damages or affirmative relief.

22. Defendant has implemented processes in order to prevent and/or remedy discrimination and retaliation, including the implementation of policies and complaint procedures, and Plaintiff failed to reasonably avail himself of those procedures or to otherwise avoid harm.

23. There is no causal connection between Plaintiff's termination and his age or sexual orientation.

24. Defendant did not terminate Plaintiff's employment.

25. Plaintiff's claim of age discrimination is barred on the grounds that Plaintiff was not treated less favorably than any similarly situated, younger individuals.

26. Plaintiff's claim of sexual orientation discrimination in barred on the grounds that Plaintiff was not treated less favorably than any similarly situated heterosexual individuals.

27. While Defendant maintains that Plaintiff does not state a cause of action and that there were no actions taken against him as alleged in the Complaint, Defendant alternatively states that the sole proximate cause of Plaintiff's claims and alleged injuries/damages, if any, is Plaintiff's own conduct for which Defendant is not liable.

28. Plaintiff is not entitled to any damages; alternatively, his damages are subject to offset and/or applicable statutes of limitations, which may bar or limit his recovery.

29. While denying all of the allegations of Plaintiff's claims regarding liability, injury, and damages allegedly sustained by Plaintiff, to the extent that Plaintiff is able to prove any injuries and/or damages, any such damages were not proximately related to any act or omission by Defendant.

30. Plaintiff has failed to mitigate his damages.

31. Plaintiff is not entitled to punitive damages on some or all of his claims; alternatively, such damages are excessive, imprecise, and/or violate Defendant's due process rights under the New York Constitution and/or the United States Constitution.

32. Defendant is entitled to application of all applicable damage limitations and caps.

33. Defendant denies that it may be held vicariously liable for alleged discriminatory conduct or employment decisions of its managerial or other employees, or third parties, when such alleged conduct and decisions were contrary to Defendant's good faith efforts to comply with all laws prohibiting retaliation and discrimination based on sexual orientation, age, or other unlawful reasons. Indeed, Defendant is not liable for conduct of Defendant's employees as alleged by Plaintiff, of which it had no knowledge, actual or constructive, and against which Defendant maintains an express policy prohibiting discrimination and retaliation that is effectively disseminated to all employees. Defendant is further relieved of any liability as to Plaintiff's claims because any unlawful conduct alleged against Defendant's current and/or former employees, which conduct Defendant denies, occurred outside the course and scope of their employment.

34. Defendant reserves the right to assert any additional affirmative defenses that may be discovered during the course of additional investigation and discovery.

**WHEREFORE**, DXC prays that Plaintiff's claims be dismissed and that DXC be awarded its costs, attorneys' fees, and any additional relief that the Court deems just and proper.

    Respectfully submitted,

    */s/ Jessica L. Marrero*
    Jessica L. Marrero
    The Kullman Firm, P.L.C.
    1100 Poydras Street, Suite 1600
    New Orleans, LA  70163
    Telephone:  (504) 524-4162
    Facsimile:  (504) 596-4189
    E-mail:  jlm@kullmanlaw.com

    **COUNSEL FOR DEFENDANT**
    **DXC TECHNOLOGY SERVICES LLC**

## CERTIFICATE OF SERVICE

I certify that on December 2, 2019, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to:

Michael D. Schimek
Matthew Koopersmith
*Attorneys for Plaintiff*
129 Front Street
Mineola, New York 11050
(516) 248-9700

                                                */s/ Jessica L. Marrero*
                                                Jessica L. Marrero